**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-80164-DANIAN/MAYNARD**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BEDER CANDELA-FIGUEROA,**

**Defendant.**
______________________________/

FILED BY SW D.C.
Aug 26, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change his plea in this criminal case on August 26, 2026. The hearing was translated to the Defendant by the Court's Spanish language interpreter. The Defendant indicated to me that he was able to understand what was being said to him throughout the hearing.

2. At the hearing's outset, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the

Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 21. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant confirmed that the Plea Agreement was translated to him by a Spanish language interpreter. The Defendant indicated to me that he fully understands the Plea Agreement.

5. The Defendant pleaded guilty to the sole count in the Indictment. The Indictment charges the Defendant with possession of a firearm by an alien illegally and unlawfully in the United States, in violation of Title 18, United States Code, Section 922(g)(5)(A).

6. The maximum statutory penalties were announced on the record. The Defendant acknowledged his understanding of the maximum statutory penalties that could be imposed against him in this case. I advised the Defendant of the possibility of his deportation after sentencing as an additional consequence of his guilty plea. The Defendant acknowledged that he and his attorney have discussed his possible deportation as a result of this offense.

7. The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE 22. The Stipulation was read into the record. Defendant acknowledged that the Stipulation was read to him by a Spanish language interpreter, he signed the Stipulation, understands it, and has had the opportunity to fully discuss

it with his attorney. The Defendant agreed that the Stipulation is true and correct and accurately sets forth the facts in his case as he understands them to be. I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

8. The Defendant agreed that he is forfeiting all rights, title, and interest in the firearm and ammunition referred to in the Indictment.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of the offense charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's guilty plea to the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a Sentencing Hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Melissa Damian, the United States District Judge assigned to this case. Pursuant to Rule 59(b)(2), Fed. R. Crim. P., the failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at West Palm Beach, Florida, this 26th day of August, 2026.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE